IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE ESTATE OF ARTURO ARZATE-NORATO, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION FILE NO. 1:17-cv-01440-WSD |
| v. | ) ) | |
| FEDERAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendant | ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO FEDERAL LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, The Estate of Arturo Arzate-Norato, by and through its Counsel, and files Plaintiff's Response in Opposition to Federal Life Insurance Company's Motion for Summary Judgment and, in support thereof, shows the following:

### Statement of Facts

On or about July 15, 2015, Arturo Arzate-Norato submitted an application to Defendant Federal Life Insurance Company for an individual life insurance policy. On or about July 21, 2015, Ms. Mary Osborne, Defendant's Senior Service Representative, notified Mr. Arzate-Norato's daughter, Ms. Geraldine Arzate, that

1

the application had been approved.  Subsequently, on July 23, 2015, Ms. Myrna Mack, Defendant's agent, again notified Ms. Arzate that the application had been approved and that the policy would "be in force once the first premium is paid."

On September 27, 2015, Mr. Arzate-Norato passed away. Mr. Arzate-Norato's children, Ms. Geraldine Arzate and Mr. Arturo Arzate, Jr., submitted a claim to Defendant for death benefits. Subsequently, Defendant rescinded the policy and denied the claim. Thereafter, on April 6, 2017, Plaintiff filed a "Complaint for Damages."

<u>**Argument and Citation of Authority**</u>

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "… [t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In light of this, the Court must deny Defendant's motion.

**A. Plaintiff has exercised due diligence by requesting leave of court to amend the pleading to substitute parties.**

In its Motion for Summary Judgment, Defendant argued that Defendant lacked standing on April 6, 2017, when the action was filed because no estate existed at that time. According to Rule 15(a)(2), "… a party may amend its pleading only with the opposing party's consent or the court's leave. The court

2

should freely give leave when justice so requires." On October 19, 2017, Plaintiff

exercised due diligence by filing "Plaintiff's Motion to Amend Complaint to

Substitute Parties, which is attached hereto as Exhibit "A." In this motion, Plaintiff

moved the Court to remove The Estate of Arturo Arzate-Norato as Plaintiff and to

substitute Mr. Arzate-Norato's children, Geraldine Arzate and Arturo Arzate, Jr.,

as Plaintiffs as they were the named beneficiaries to Mr. Arzate-Norato's life

insurance policy. To date, the Court has not ruled on that motion. Defendant,

therefore, is not entitled to judgment in its favor as a matter of law on the issue of

standing.

**B. The issue of whether or not Defendant properly rescinded Mr.**
**Arzate-Norato's policy and rightfully denied the death benefits**
**should be determined by a jury.**

Defendant Federal Life Insurance Company admits that a life insurance

policy was issued to Mr. Arzate-Norato "non-medically," without a review of his

medical records but based solely on the responses provided in Mr. Arzate-Norato's

application. However, Defendant now also states that its rescission of the contract

and subsequent denial of benefits were proper because of the alleged "several

material misrepresentations" contained in Mr. Arzate-Norato's application. It is

well-established that "ordinarily it is a jury question as to whether a

misrepresentation is material ...."[1] That principle should especially be followed in this case. Defendant has argued that it is immaterial whether or not Mr. Arzate-Norato misunderstood the questions because of a language barrier. However, that issue cannot be ignored, especially when Defendant relied solely on Mr. Arzate-Norato's responses as the basis for issuing the policy. Mr. Arzate-Norato spoke very little English, and he could neither read nor write in English.[2] Thus, contrary to Defendant's erroneous statement, Mr. Arzate-Norato did not review the application before signing the document. Rather, Defendant's agent, Ms. Myrna Mack, read and completed the application. Thus, the question of whether Mr. Arzate-Norato fully understood both the application's questions and his responses is relevant. Those facts cannot simply be ignored as Defendants has asked this Court to do, and, thus, Defendant should not summarily be granted a judgment in its favor. Instead, the question of whether Defendant properly rescinded Mr. Arzate's policy and denied the death benefit because of alleged misrepresentations in his insurance application should be determined by a jury.

## CONCLUSION

For the within and foregoing reasons, Plaintiff prays that this Honorable

---

[1] *United Family Life Insurance Company v. Shirley, 242 Ga. 235, 236 (1978).*
[2] See Affidavit of Geraldine Arzate-Norato attached as Exhibit "B."

Court finds that there is a genuine issue of material facts, such as should be

decided by a jury, and further prays that Defendant's Motion for Summary

Judgment be denied.


Respectfully submitted this the 22nd day of November, 2017.


s/Romero Pearson
Attorney for Plaintiff
Georgia Bar No. 355228

PEARSON LAW GROUP, LLC
16 Towne Park Drive
Lawrenceville, Georgia, 30044
770.277.0272 (telephone)
770.277.0273 (facsimile)
pgl@pearsonlawgroup.com